**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY COURT CLERK,<br><br>　　　　　Defendant. | No.  2:20-CV-01477-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction.  Because plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter

1  whether it has subject-matter jurisdiction.

2  The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Salinas Valley State Prison. See ECF No. 1 at 1. Plaintiff filed a complaint against Defendant Sacramento County, specifically the "court clerk" of the Superior Court of Sacramento County. Id. Plaintiff mentions the Superior Court's Department 62 but does not otherwise identify a specific defendant. Id. at 1, 3. Plaintiff's complaint is substantially incoherent, but the Court has identified that Plaintiff alleges that the Defendant fraudulently denied him access to a sanity hearing in violation of Plaintiff's rights under the First Amendment to the United States Constitution. Id. at 3.

Plaintiff contends that he is a civil detainee, having been found not guilty by reason of insanity in a prior criminal proceeding. Id. He alleges that the Superior Court denied him access to a hearing to have his sanity legally recognized by denying his application for a hearing under California Penal Code Section 1026.2. Id. Plaintiff claims that the court clerk has committed "corporate fraud" and "court fraud" and has fraudulently declined to set a court date for his hearing, causing him to have an "adverse reaction." Id.

///

///

## II. DISCUSSION

Plaintiff's complaint is incoherent and difficult to decipher, making broad and blanket allegations of fraud and denial of access to the judicial system in violation of the United States Constitution. As discussed above, Rule 8 requires a complaint to contain a short and plain statement of the claim. Plaintiff must allege with some degree of particularity overt acts by specific defendants which support the claims, such that the complaint gives defendants fair notice of the claims and the grounds on which they rest. See Kimes, 84 F.3d at 1129. Plaintiff's blanket assertion that the Superior Court's clerk's office refused to accept his pleading and place his case on the docket is insufficient. Although Plaintiff alleges a violation of the First Amendment and contends that his case is nonfrivolous, Plaintiff does not, for instance, identify specific actors or actions, allege that he complied with filing requirements prior to the refusal of his petition, or state why his pleadings have been denied. Merely alleging that the clerk's office refused to place Plaintiff's case on the docket does not state a claim for relief plausible on its face, even considering the liberal construction the Court must give to pro se complaints.

More importantly, however, although Plaintiff's defective complaint might ordinarily be cured with amendment, judicial immunity extending to court employees precludes Plaintiff's claims. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

///

///

///

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390. The commencement of an action through the filing of a complaint is a basic, integral part of the judicial process. Id.  Court clerks (and, consequently, the clerk's office) are the officials through whom filing is done. Id. Court clerks accordingly qualify for quasi-judicial immunity unless their actions were taken absent all jurisdiction. Id. More specifically, when clerks file or refuse to file a document with the court, they are entitled to quasi-judicial immunity, provided the acts complained of are within the clerk's jurisdiction. See id.  Plaintiff's complaint cannot proceed and must be dismissed.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE